## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| IN RE SYNCHRONOSS TECHNOLOGIES, INC. STOCKHOLDER DERIVATIVE DEMAND REFUSED LITIGATION | Lead Case No. 3:20-cv-07150 (FLW) (LHG) |
| THIS DOCUMENT RELATES TO: ALL ACTIONS | (Consolidated with Case No. 3:20-cv-07224) |

### PRELIMINARY APPROVAL ORDER

This matter came before the Court on Plaintiffs' unopposed motion, pursuant to Rule 23.1 of the Federal Rules of Civil Procedure, for an order: (i) preliminarily approving the proposed settlement ("Settlement") of shareholder derivative claims, in accordance with the Stipulation of Settlement dated September 9, 2021 (the "Stipulation"); and (ii) approving the form and manner of the Notice of the Settlement.[1]

WHEREAS, the Stipulation sets forth the terms and conditions for the Settlement, including, but not limited to, a proposed Settlement and dismissal of the following shareholder derivative actions with prejudice as to the Released Persons:

---

[1] Except as otherwise expressly provided below or as the context otherwise requires, all capitalized terms contained herein shall have the same meanings and/or definitions as set forth in the Stipulation.

(i) the above-captioned action, titled *In re Synchronoss Technologies, Inc.*
*Stockholder Derivative Demand Refused Litigation*, Lead Case No. 3:20-cv-07150-
FLW-LHG (D.N.J.) (the "Action"); (ii) *In re Synchronoss Technologies, Inc.*
*Derivative Litigation*, No. 3:17-cv-07173-FLW-LHG (D.N.J.), dismissed and on
appeal 21-2055 (3d Cir.); and (iii) *Daniel, et al. v. Waldis, et al.*, No. 2019-0189-
JTL (Del. Ch.);

WHEREAS, the Court having: (i) read and considered Plaintiffs' Unopposed
Motion for Preliminary Approval of Shareholder Derivative Settlement together
with the accompanying Memorandum of Points and Authorities; (ii) read and
considered the Stipulation, as well as all the exhibits attached thereto; and (iii) heard
and considered arguments by counsel for the Settling Parties in favor of preliminary
approval of the Settlement;

WHEREAS, the Court finds, upon a preliminary evaluation, that the proposed
Settlement falls within the range of possible approval criteria, as it provides a
beneficial result for Synchronoss and appears to be the product of serious, informed,
non-collusive negotiations overseen by an experienced mediator; and

WHEREAS, the Court also finds, upon a preliminary evaluation, that
Synchronoss shareholders should be apprised of the Settlement through the proposed
form of notice, allowed to file objections, if any, thereto, and appear at the Settlement
Hearing.

NOW, THEREFORE, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED AS FOLLOWS:

1. This Court, for purposes of this Preliminary Approval Order, adopts the definitions set forth in the Stipulation.

2. This Court preliminarily approves, subject to further consideration at the Settlement Hearing described below, the Settlement as set forth in the Stipulation as being fair, reasonable, and adequate.

3. A hearing shall be held on <u>November 30</u>, 2021, at <u>11:00</u> a.m., before the Honorable Chief Judge Freda L. Wolfson, at the U.S. District Court for the District of New Jersey, Clarkson S. Fisher Building & U.S. Courthouse, 402 East State Street, Courtroom 5E, Trenton, New Jersey 08608 (the "Settlement Hearing"), at which the Court will determine: (i) whether the terms of the Stipulation should be approved as fair, reasonable, and adequate; (ii) whether the Notice fully satisfied the requirements of Rule 23.1 of the Federal Rule of Civil Procedure and the requirements of due process; (iii) whether all Released Claims against the Released Persons should be fully and finally released; (iv) whether the agreed-to Fee and Expense Amount should be approved (including Service Awards to Plaintiffs); and (v) such other matters as the Court may deem appropriate. The Court may decide to hold the Settlement Hearing telephonically or by other virtual means without further notice.

4.      The Court finds that the form, substance, and dissemination of information regarding the proposed Settlement in the manner set out in this Preliminary Approval Order constitutes the best notice practicable under the circumstances and complies fully with Rule 23.1 of the Federal Rules of Civil Procedure and due process.

5.      Within ten (10) business days after the entry of this Preliminary Approval Order, Synchronoss shall: (i) publish the Summary Notice once in *Investor's Business Daily*; and (ii) file with the SEC a Current Report on Form 8-K, with an accompanying press release and attaching the Notice and the Stipulation together with its exhibits.  The Notice and Summary Notice shall contain a link to the Company's website where shareholders can access the Current Report on Form 8-K, accompanying press release, the Notice, and the Stipulation together with its exhibits.  All costs incurred in the filing and publication of the Notice and Summary Notice shall be paid by Synchronoss, and Synchronoss shall undertake all administrative responsibility for the filing and publication of the Notice and Summary Notice.

6.      At least thirty (30) calendar days prior to the Settlement Hearing, Defendants' Counsel shall file with the Court an appropriate affidavit or declaration with respect to filing, publishing, and posting the Notice and Summary Notice as provided for in paragraph 5 of this Preliminary Approval Order.

7.      All Current Synchronoss Shareholders shall be subject to and bound by the provisions of the Stipulation and the releases contained therein, and by all orders, determinations, and judgments in the Action concerning the Settlement, whether favorable or unfavorable to Current Synchronoss Shareholders.

8.      Pending final determination of whether the Settlement should be approved, Plaintiffs and Current Synchronoss Shareholders shall not commence or prosecute against any of the Released Persons any action or proceeding in any court or tribunal asserting any of the Released Claims.

9.      Any shareholder of Synchronoss common stock may appear and show cause, if he, she, or it has any reason why the Settlement embodied in the Stipulation should not be approved as fair, reasonable, and adequate, or why a judgment should or should not be entered hereon, or the Fee and Expense Amount or Service Awards should not be awarded.  However, no Synchronoss shareholder shall be heard or entitled to contest the approval of the proposed Settlement, or, if approved, the Judgment to be entered hereon, unless that Synchronoss shareholder has caused to be filed, and served on counsel as noted below, written objections which: (i) state the name, legal address and telephone number of the objector; (ii) state the case name and number (*In re Synchronoss Technologies, Inc. Stockholder Derivative Demand Refused Litigation*, Lead Case No. 3:20-cv-07150); (iii) contain a specific, written statement of the objection(s) and the specific reason(s) for the objection(s), and if

the objector has indicated that he, she, or it intends to appear at the Settlement Hearing, the identity of any witnesses the objector may call to testify and the subject(s) of their testimony, and any exhibits the objector intends to introduce into evidence at the hearing; (iv) include documentation sufficient to show that the objector owned shares of Synchronoss common stock as of September 9, 2021, and contain a statement that the objector continues to hold such shares as of the date of filing of the objection and will continue to hold those shares as of the date of the Settlement Hearing; and (v) are signed by the objector.

10.     At least fourteen (14) calendar days prior to the Settlement Hearing set for November 30     , 2021, any such Person must file the written objection(s) and corresponding materials with the Clerk of the Court, U.S. District Court for the District of New Jersey, Clarkson S. Fisher Building & U.S. Courthouse, 402 East State Street, Trenton, New Jersey 08608, and serve such materials by that date, on each of the following Settling Parties' counsel:

*Counsel for Plaintiffs:*

Michael Fistel, Jr.
**JOHNSON FISTEL, LLP**
40 Powder Springs Street
Marietta, GA 30064
Telephone: (770) 200-3104
Facsimile: (770) 200-3101
michaelf@johnsonfistel.com

Phillip Kim
**THE ROSEN LAW FIRM**, **P.A.**

*Counsel for Defendants:*

Jordan D. Hershman
**MORGAN, LEWIS**
 **& BOCKIUS LLP**
One Federal Street
Boston, MA 02110-1726
Telephone: (617) 951-8455
jordan.hershman@morganlewis.com

275 Madison Avenue, 40th Floor
New York, NY 10016
Telephone: (212) 686-1060
Facsimile: (212) 202-3827
pkim@rosenlegal.com

11.     Only shareholders who have filed with the Court and served on the Settling Parties' counsel valid and timely written notices of objection will be entitled to be heard at the hearing unless the Court orders otherwise.

12.     Any Person or entity who fails to appear or object in the manner provided herein shall be deemed to have waived such objection and shall forever be foreclosed from making any objection to the fairness, reasonableness, or adequacy of the Settlement and to the Fee and Expense Amount and Service Awards, unless otherwise ordered by the Court, but shall be forever bound by the Judgment to be entered and the releases to be given as set forth in the Stipulation.

13.     Plaintiffs shall file a motion for final approval of the Settlement at least twenty-one (21) calendar days prior to the Settlement Hearing.  If there is any objection to the Settlement, Plaintiffs shall file a response to the objection(s) at least seven (7) calendar days prior to the Settlement Hearing.

14.     All proceedings in the Action are stayed until further order of the Court, except as may be necessary to implement the Settlement or comply with the terms of this Stipulation.

15.    This Court may, for good cause, extend any of the deadlines set forth in this Preliminary Approval Order without further notice to Synchronoss shareholders.

16.    Neither the Stipulation nor the Settlement, nor any act performed or document executed pursuant to or in furtherance of the Stipulation or the Settlement: (i) is or may be deemed to be or may be offered, attempted to be offered or used in any way by the Settling Parties or any other Person as a presumption, a concession or an admission of, or evidence of, any fault, wrongdoing or liability of the Settling Parties or Released Persons, or of the validity of any Released Claims; or (ii) is intended by the Settling Parties to be offered or received as evidence or used by any other Person in any other actions or proceedings, whether civil, criminal, or administrative, other than to enforce the terms therein.

17.    The Court reserves: (i) the right to approve the Settlement, with such modifications as may be agreed to by counsel for the Settling Parties consistent with such Settlement, without further notice to Synchronoss shareholders; and (ii) the right to continue or adjourn the Settlement Hearing from time to time or by oral announcement at the hearing or at any adjournment thereof, without further notice to Synchronoss shareholders.

**IT IS SO ORDERED.**

DATED:  9/14/2021

/s/ Freda L. Wolfson
HONORABLE FREDA L. WOLFSON
U.S. DISTRICT CHIEF JUDGE